**DOUGLAS A. LINDE, ESQ. (SBN 217584)(dal@lindelaw.net)**
**ERICA ALLEN GONALES, ESQ. (SBN 234922)(ela@lindelaw.net)**
**THE LINDE LAW FIRM**
**9000 Sunset Boulevard, Ste. 1025**
**Los Angeles, California  90069**
**(310) 203-9333;  (310) 203-9233 FAX**

Attorneys for Plaintiff,
DENNIS MORRIS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MORRIS ) | Case No. |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| ) | |
| TARGET CORPORATION: ) | |
| ELIZABETH PEYTON; and DOES 1 ) | **DEMAND FOR JURY TRIAL** |
| through 10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

COMES NOW, PLAINTIFF DENNIS MORRIS, ("Plaintiff" or "Morris") and complains of and alleges the following:

## <u>INTRODUCTION AND OVERVIEW</u>

1.      This is a clear liability copyright infringement case, wherein Defendants, engaged in advertising activity, including but not limiting to, making, without authorization, posters, lithographs, paintings, merchandise and other art featuring

1

Plaintiff's copyright protected photograph, causing significant advertising injury to Plaintiff.  Plaintiff seeks recovery of all remedies available under law including but not limited to its damages, all of Defendants' profits, and payment of Plaintiff's attorneys fees and costs.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a).

3.      The claims asserted herein arose in this judicial district and all Defendants do business in this judicial district.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

5.      This is an action for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq., seeking damages, attorneys' fees, preliminary and permanent injunctive relief and an accounting, as well as damages and other relief based upon other claims related to the misappropriation of Plaintiff's intellectual property.

## PARTIES

6.      Plaintiff DENNIS MORRIS, an individual, a photographer and artist, who has gained worldwide recognition for his original and groundbreaking photographs, including photographs of musical visionaries and cultural icons.

7.      Plaintiff is informed and believes and thereon alleges that Defendant TARGET CORPORATION is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Minnesota at 1000 Nicollet Mall TPN-0945, Minneapolis, MN 55403.  Plaintiff is informed and believes and thereon alleges that Defendant TARGET CORPORATION is in the business of selling garments through retail stores, and on the internet and in the State of California.

2

8.      Plaintiff is informed and believes and thereon alleges that ELIZABETH PEYTON, an individual, is an artist and a citizen of the State of New York.  Plaintiff also believes that ELIZABETH PEYTON created works, some of which were reproduced on merchandise and sold in retails stores, and on the internet across the United States and in the State of California.

9.      Plaintiff is informed and believes and thereon alleges that DOES 1 through 10, inclusive, created, assembled, distributed, manufactured and/or sold artwork bearing Plaintiff's copyrighted Subject Photographs (as hereinafter defined).  The true names and capacities, whether corporate, individual or otherwise, of the Defendant DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names, and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

10.      Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants, including without limitation the DOE Defendants, was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employment relationship and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

11.      As used hereafter the term Defendants shall mean and refer to TARGET CORPORATION and ELIZABETH PEYTON, and DOES 1 through 10, inclusive,

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101 ET SEQ.

(Against All Defendants and Each of Them)

12.　Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in this Complaint as if fully set forth herein.

13.　Plaintiff took the following original photographs of the musicians Sid Vicious and John Lydon of the band The Sex Pistols (hereinafter "Subject Photographs"), which contain materials wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

### Photo A



**Photo B**



**Photo C**



14.  Photo A was created in Sweden, and first published in the United Kingdom. Therefore, pursuant to the Berne Implementation Act 1998, Plaintiff is exempt from the registration requirements of 17 U.S.C. 411.

5

15.  Photos B and C were created and first published in the United Kingdom. Therefore, pursuant to the Berne Implementation Act 1998, Plaintiff is exempt from the registration requirements of 17 U.S.C. 411.  Nevertheless, Photo B and Photo C were published by Plaintiff in his book, entitled *Never Mind the B\*ll\*cks: A Photographic Record of the Sex Pistols Tour* (1991, Omnibus Press), ISBN-10: 0711925550; ISBN-13:978-0711925557, for which Plaintiff applied for and received a copyright registration VA 1-829-011.

15.   Plaintiff is informed and believes and thereon alleges that Defendants including all DOE Defendants, their customers and suppliers and each of them, had access to the Subject Image, including without limitation, access through Plaintiff's book, access through copies published on the internet and access through illegal copies.

16.   Defendants wrongfully created copies of the copyrighted Subject Image without Plaintiff's consent and engaged in acts of affirmative and widespread self-promotion of the copies directed to the public at large by distributing said copies (and accompanying written materials) with a false and misleading designation of creation, ownership and origin, and falsely representing that the Subject Image was their own.

17.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, further infringed Plaintiff's copyright by making derivative works from Plaintiff's copyrighted Subject Image, and/or by producing and distributing garments incorporating those derivative works without Plaintiff's permission.  Defendants then engaged in acts of affirmative and widespread self-promotion of the copies directed to the public at large by publicly claiming ownership rights in and to the derivative works based on the Subject Image that belong solely to Plaintiff.

18.   ELIZABETH PEYTON and TARGET CORPORATION offered for sale, and in fact sold, the following work bearing Photo A:



19.     ELIZABETH PEYTON created and sold the following work bearing Photo B:

Elizabeth Peyton at Staatliche Kunsthalle Baden-Baden

20.     ELIZABETH PEYTON created and sold the following work bearing Photo C:

7



Elizabeth Peyton at Staatliche Kunsthalle Baden-Baden

21.    DEFENDANTS created other works utilizing the Subject Photographs.

22.    DEFENDANTS offered for sale, and in fact sold, other works utilizing the Subject Photographs.

23.    Defendants' acts of copyright infringement and acts of affirmative and widespread self-promotion of the copies directed to the public at large, as alleged above, have caused Plaintiff to suffer, and to continue to suffer, substantial damage to its business in the form of diversion of trade, loss of income and profits, and a dilution of the value of its rights.

24.    Further, as a direct result of the acts of copyright infringement and acts of affirmative and widespread self-promotion of the copies directed to the public at large alleged above, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's copyrighted Subject Photographs.  Plaintiff is entitled to disgorgement of each Defendant's profits directly and indirectly attributable to said Defendant's infringement of the Subject Photographs.

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Defendants, and each of them, and their respective agents and servants be enjoined from infringing Plaintiff's copyright in any manner;

2. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages, as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

3. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

4. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

5. That Plaintiff be awarded pre-judgment interest as allowed by law;

6. That Plaintiff be awarded the costs of this action; and

7. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.


Dated:  May 26, 2014                    THE LINDE LAW FIRM

By: _____
Douglas A. Linde
Erica Allen Gonzales
Attorneys for Plaintiff,
DENNIS MORRIS

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the Constitution.

Dated:  May 26, 2014                    THE LINDE LAW FIRM


By: _____
Douglas A. Linde
Erica Allen Gonzales
Attorneys for Plaintiff,
DENNIS MORRIS